**Order filed June 27, 2013**



In The

# Eleventh Court of Appeals

_____

## No. 11-13-00147-CV

_____

## IN THE MATTER OF THE ESTATE OF
## TERRY GLENN ARNOLD, DECEASED

**On Appeal from the County Court at Law No. 2**
**Ector County, Texas**
**Trial Court Cause No. 20598-11**

### O R D E R

On April 1, 2013, G. Brad Carter filed a notice of appeal from a judgment entered on December 17, 2012. Upon receipt of the docketing statement and the notice of appeal, this court wrote Carter and informed him that his notice of appeal appeared to be untimely under TEX. R. APP. P. 26.1. We requested that Carter respond and provide a reasonable explanation for the failure to timely file the notice of appeal. Carter filed a response indicating that he did not receive notice of the trial court's judgment until January 7, 2013, which was twenty-one days after the entry of such judgment, that he timely filed a motion for new trial, and that his

notice of appeal was filed within ninety days of the date that he received notice of the trial court's judgment. We abate this appeal.

TEX. R. CIV. P. 306a provides that, if within twenty days after a judgment is signed, a party adversely affected by it has neither received the required notice nor acquired actual knowledge of the judgment, the appellate deadlines shall begin to run from the date that such party received notice or acquired actual knowledge of the rendition of judgment. TEX. R. CIV. P. 306a.4; *see also* TEX. R. APP. P. 4.2(a). In order to establish the application of the rule, the adversely affected party must "prove in the trial court, on sworn motion and notice, the date on which the party or his attorney first either received a notice of the judgment or acquired actual knowledge of the signing and that this date was more than twenty days after the judgment was signed." TEX. R. CIV. P. 306a.5; *see also* TEX. R. APP. P. 4.2(b). After hearing the motion, the trial court shall sign a written order indicating the date when the party first received notice or acquired actual knowledge of the signing of the judgment. TEX. R. APP. P. 4.2(c).

Carter has not presented to this court any finding by the trial court reflecting the date that he received notice or acquired actual knowledge of the judgment. Therefore, we will abate this appeal to provide Carter an opportunity to file with the trial court the appropriate motion and obtain the requisite findings from that court. The trial court clerk is directed to furnish the trial court's findings to this court by July 29, 2013. Upon receipt of the trial court's findings, this appeal will be reinstated.

The appeal is abated.

PER CURIAM

June 27, 2013

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.